1    AMSL LEGAL GROUP, LLP
     Starlet J. Japp (State Bar No. 243097)
2    Chris C. Chapman (State Bar No. 234738)
     400 Exchange, Suite 100
3    Irvine, California 92602
     Telephone:   949-265-9940
4    Facsimile: 949-236-5567

5    Attorneys for Defendants,
     DEPARTMENT OF VETERANS AFFAIRS OF WASHINGTON, D.C.;
6    RESIDENTIAL CREDIT SOLUTIONS, INC.

7              UNITED STATES DISTRICT COURT FOR THE

8                 CENTRAL DISTRICT OF CALIFORNIA

9

10   THUNDERBIRD MORTGAGE              Case No.:
     COMPANY,
11                                     Honorable:

12            Plaintiff,               [Removed from Riverside County
                                       Superior Court, Case No. PSC
13   vs.                              1400028]

14
     DEPARTMENT OF VETERANS
15   AFFAIRS OF WASHINGTON, D.C.,      **NOTICE OF REMOVAL OF
     SAGE POINT LENDER SERVICES        ACTION TO FEDERAL COURT
16   LLC, RESIDENTIAL CREDIT           BASED UPON DIVERSITY OF
     SOLUTIONS, INC., and all persons  CITIZENSHIP AND QUIET TITLE
17   unknown, claiming any legal or    ACTION AGAINST U.S. FEDERAL
18   equitable right, title, estate, lien, or  AGENCY PURSUANT TO 28
     interest in the property described in the  U.S.C. § 1444**
19   complaint adverse to Plaintiff's title, or
20   any cloud on Plaintiff's title thereto and  **[28 U.S.C. § 1332, 28 U.S.C. § 1367,
     DOES 1 TO 100, inclusive,         28 U.S.C. § 1441, 28 U.S.C. § 1444,
21                                     28 U.S.C. § 1446]**
22            Defendants.

23

24

25                                     First Amended Complaint Filed:  May
                                       19, 2014
26

27

28

**TO THE CLERK, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that defendants DEPARTMENT OF VETERANS AFFAIRS OF WASHINGTON, D.C. ("DVAW") and RESIDENTIAL CREDIT SOLUTIONS, INC. ("RCS") (collectively DVAW and RCS shall be referred to as "Defendants") hereby remove this action from the Superior Court of California, Riverside County, to the United States District Court for the Central District of California, based on complete diversity among the current parties as well as Federal Agency Jurisdiction as further described below:

<u>**ALL PROCEDURAL REQUIREMENTS OF REMOVAL HAVE BEEN SATISFIED**</u>

1.     Plaintiff THUNDERBIRD MORTGAGE COMPANY ("Plaintiff") filed a Complaint in Riverside County Superior Court on or about January 3, 2014 styled *Thunderbird Mortgage Company v. Department of Veterans Affairs et al.,* which was designated as Case No. PSC1400028 (the "State Court Action"). (The State Court docket is attached as **Exhibit A**.)   True and correct copies of all pleadings filed to date in the State Court Action are being concurrently filed with a Supplemental Index.

2.     On April 23, 2014, all three defendants' demurrer to the original complaint was heard by the State Court. (**Exhibit A**.) Defendant Sage Point

Lender Services, LLC's ("Sage") demurrer was sustained without leave to amend. (**Exhibit A**.) On May 5, 2014, the State Court executed a Judgment in favor of defendant Sage. (**Exhibit A**.) Thus, DVAW and RCS are the only two remaining defendants. On May 19, 2014, Plaintiff filed a First Amended Complaint ("FAC"). (**Exhibit B**-First Amended Complaint; see also **Exhibit A**.). The FAC is the operable complaint in this action.

3.      Plaintiffs' lawsuit arises from a dispute regarding Plaintiff's alleged attempt to make payments on a loan obtained by a non-party Douglas Hesse. Douglas Hesse borrowed obtained on May 7, 1990 in the amount of $122,411.25 evidenced by a Promissory Note and Deed of Trust secured by real property located at 46364 Jasmine Lane, Indio, CA 92201 (the "Property"). DVAW is the holder of May 7, 1990 Deed of Trust and Promissory Note. Plaintiff foreclosed on a second position lien in the amount of $25,000 on the Property in 2008.  Thus, Plaintiff is the owner of the Property subject to DVAW's first position lien. The first position lien is in default and a non-judicial foreclosure is pending.

4.      Plaintiff's operable FAC alleges twelve total causes of action against Defendants. (**Exhibit B**.)

5.      DVAW, RCS and "DOES 1 to 100" are the only remaining named defendants in this case since defendant Sage obtained a Judgment on May 5, 2014.

///

6.     This Notice of Removal is brought on behalf of defendants DVAW and RCS.  *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998) (with exceptions, all defendants named in the state action must join the notice of removal); 28 U.S.C. § 1444(2)(A). The consent of defendant Sage is not necessary since Sage obtained a Judgment in the case on May 5, 2014. However, counsel for DVAW and RCS is also counsel for Sage and even if Sage's consent was necessary Sage does consent to this removal. *Proctor v. Vishay Intertechnology Inc.* 584 F.3d 1208, 1225 (9th Cir. 2009) [For purposes of the joinder of all defendants to a removal, the Ninth Circuit only requires that at least one attorney of record sign the notice and certify that the remaining defendants consent to removal].

7.     Upon information and belief, and based upon review of information contained on the state court's docket, "DOES 1 to 100" have not been named or served, and their consent is not required.  *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1428 (9th Cir. 1984) (overruled on other grounds); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (requiring consent only from defendants "properly joined and served in the action").

8.     Removal of this action is timely.  Sage obtained a Judgment in the State Court action on May 5, 2014. (**Exhibit A**.) This action was not removable prior to May 5, 2014 because affirmative causes of action were alleged against and

Sage is deemed a citizen of California for purpose of diversity. Removal therefore comports with the timing requirements of 28 U.S.C. § 1446(b)(3) ("if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."). This case first became removable for diversity upon the Judgment obtained by Sage on May 5, 2014. This removal is being made within 30 days of that Judgment so it is timely. 28 U.S.C. § 1446(b)(3)

9.      No previous request has been made for removal.

10.      The Central District of California is the proper venue for the removal. The Superior Court of California for the County of Riverside is located within the Central District of California.  *See* 28 U.S.C. § 84(c)(3). Thus, venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(b).

## DIVERSITY JURISDICTION

11.      This action is removed to the instant Court pursuant to the existence of diversity jurisdiction between the parties.  28 U.S.C. § 1441(b); 28 U.S.C. § 1332.  Diversity jurisdiction exists because this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00.

Supplemental jurisdiction exists with respect to any remaining claims pursuant to 28 U.S.C. § 1367. Diversity exists between the parties at the time of this notice of removal. *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131-32 (9th Cir. 2002).

## CITIZENSHIP OF THE PARTIES

12. Plaintiff is a domicile of California for purposes of Diversity. Plaintiff is a suspended California Corporation.  Plaintiff is alleged to be a legal fictitious business name of T-Bird Realty, Inc., a California Corporation. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…" 28 U.S.C. § 1332(c)(1); *Breitman v. May Co. California*, 37 F.3d 562, 563-564 (9th Cir. 1994).   T-Bird Realty, Inc. is incorporated in California and has its principal place of business in Rancho Mirage, California. (**Exhibit C**.) Plaintiff is a domicile of California for purposes of diversity jurisdiction.

13. Defendant DVAW is a United States Federal Government agency with its principal place of business and headquarters located at 810 Vermont Avenue NW, Washington D.C. 20420. The DVAW provides home loans to consumers but only has a regional office in Phoenix, Arizona for DVAW home loans to residents of California. (**Exhibit D**.) DVAW is deemed to be a citizen of

the District of Columbia for the purposes of diversity. *CML-NV Two, LLC v. Teco Commons, LLC.* 2011 WL 6752568, * 3 (D. NV. 2011) [FDIC is a citizen of District of Columbia, its principal place of business]; *Kirkbride v. Cont'l Casualty Co.*, 933 F.2d 729, 731 (9th Cir. 1991); *Loyola Federal Sav. Bank v. Fickling*, 58 F.3d 603, 606 (11th Cir. 1995).

14.    In the FAC, Plaintiff alleges defendant RCS "is a corporation with offices in…Fort Worth, Texas 96137."   (**Exhibit B**, ¶ 4.) Defendant RCS is a Delaware corporation with its headquarters and principal place of business in Fort Worth, Texas. (**Exhibit E**.) Therefore, pursuant to 12 U.S.C. § 1332(c), RCS is deemed a citizen of Delaware and Texas for purposes of diversity jurisdiction.

15.  The remaining defendants are named as "Doe" defendants, and as such, are disregarded in determining existence of diversity.  28 U.S.C. 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.")

16.    The element of diversity of citizenship is met in that each Defendant in this action is a citizen of a different state than the Plaintiff.

17.    Currently, there are no other, named parties to this action. Consequently, complete diversity is established by virtue of the preceding paragraphs.

/ / /

## AMOUNT IN CONTROVERSY

18.    "[T]he district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs".  28 U.S.C. § 1332(a).  The amount in controversy may be determined by the amount demanded in the Complaint. 28 U.S.C. § 1446(c)(2) ("the sum demanded in the initial pleading shall be deemed to be the amount in controversy"); *St. Paul Mercury Indem. Co. v. Red Cab Co.* (1938) 303 US 283, 289.   The removing defendant's burden is to show the amount in controversy exceeds $75,000 may be satisfied if it is "facially apparent from the complaint" or through "summary-judgment-type evidence." *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). Here, it is "facially apparent from the complaint" that the amount in controversy exceeds the jurisdictional amount of $75,000.

19.    The amount in controversy for jurisdictional purposes may also be determined by the amount of damages or the value of the property (i.e. object) that is the subject of the action. *Hunt v. Washington State Apple Advertising Comm'n*, 432 US 333, 347-348 (1977); *Meisel v. Allstate Indem. Co.,* 357 F.Supp.2d 1222, 1225 (E.D.Cal. 2005). "In actions seeking declaratory or injunctive relief, it is well established that that the amount in controversy is measured by the value of the object of the litigation." *Reyes v. Wells Fargo Bank, N.A.*, 2010 WL 2629785, at *

4 (N.D. Cal. June 29, 2010) (quoting *Hunt*, 432 U.S. at 347.) "If the primary purpose of a lawsuit is to enjoin a bank from selling or transferring property, then the property is the object of the litigation." *Id.* (citing "*Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973)). Here, Plaintiff is seeking to quiet title to the Property and also enjoin the pending non-judicial foreclosure sale by DVAW. The value of the Property at issue is well over $75,000. The first-lien mortgage held by DVAW against the Property originated in 1990 in the amount of $122,411.25. (Exhibit B, ¶ 7.) The Riverside County Tax Assessor lists the current assessed value of the Property as $184,000.00. (**Exhibit F**.) Thus, the object of the litigation well exceeds the $75,000.00 jurisdictional minimum for the amount in controversy. *Delgado v. Bank of America Corp.*, 2009 WL 4163525 *6 (E.D. Cal. Nov.23, 2009) [the amount in controversy was satisfied in removal where fair market value of the property exceeded $75,000].

20.    The FAC also seeks attorneys' fees against defendants. Such fees may also be factored into the calculation of the amount in controversy. *See Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1034-35 (N.D. Cal. 2002) (reasonable attorneys' fees anticipated to be incurred may be included in the amount in controversy for diversity jurisdiction).

21.    The FAC also seeks punitive (i.e. exemplary) damages against defendants. Such damages may also be factored into the calculation of the amount

in controversy. *Anthony v. Security Pac. Fin'l Services, Inc.* (7th Cir. 1996) 75 F.3d 311, 315; *Watson v. Blankinship* (10th Cir. 1994) 20 F.3d 383, 386-387; *St. Paul Reinsurance Co., Ltd. v. Greenburg* (5th Cir. 1998) 134 F.3d 1250, 1253-1254. (the amount in controversy may include punitive damages if (1) they are recoverable as a matter of law and (2) it cannot be said to a legal certainty that plaintiff would not be entitled to recover the jurisdictional amount.)

22.   In light of the foregoing financial considerations, the amount in controversy clearly exceeds the $75,000.00 threshold based on the nonmonetary relief sought by Plaintiff and/or actual damages Plaintiff would be awarded and/or value Plaintiff would receive if successful on its claims. 28 U.S.C. § 1332(a).

## QUIET TITLE ACTION AGAINST UNITED STATES AGENCY THAT HAS LIEN ON REAL PROPERTY-28 U.S.C. § 1444; 28 U.S.C. § 2410

23.   This action is also independently removable to this Court pursuant to 28 U.S.C. § 1444 and 28 U.S.C. § 2410 by DVAW. "An action brought under section 2410 of this title against the United States in any State court may be removed by the United States to the district court of the United States for the district and division in which the action is pending." 28 U.S.C. § 1444. "Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or

suit in any district court, or in any State court having jurisdiction of the subject matter (1) to quiet title to…real…property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410. Here, the DVAW is a federal agency that has a first position lien against real property that Plaintiff is seeking to quiet title (8th cause of action) to the same real property. Thus, this action is also removable pursuant to 28 U.S.C. § 1444 and 28 U.S.C. § 2410.

## **CONCLUSION**

24.     This action is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, 1444 and 1446.

25.     This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1441(c). 28 U.S.C. § 1367.

26.     By this notice of removal and the associated attachments, Defendants does not waive any objections they may have as to service, jurisdiction, venue, or any other defenses or objections they may have to this action.  Defendants intend to convey no admission of fact, law, or liability by virtue of this notice, and they expressly reserve all defenses, motions and/or pleas.

27.     Defendants pray that the State Court Action be removed to this Court, that all further proceedings in the state court be stayed, and that Defendants receive all additional relief to which they are entitled.

///

28.     Accordingly, at the time of this notice of removal and at the time this action was commenced, there is complete diversity of citizenship and the amount in controversy in this action exceeds the sum of $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332. There is also alternative grounds for removal pursuant to 28 U.S.C. §§ 1444. Thus, this action is properly removed to this Court.

Dated:  June 2, 2014                              AMSL LEGAL GROUP, LLP


                                        By: /s/ Chris C. Chapman
                                            Chris C. Chapman
                                            Attorneys for Defendants,
                                            DEPARTMENT OF VETERANS
                                            AFFAIRS OF WASHINGTON, D.C.;
                                            RESIDENTIAL CREDIT
                                            SOLUTIONS, INC.